PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAKINA MAYSAN BEY, fka Sheila M. Hayes, | ) ) ) | CASE NO. 4:16CV0267 |
| Plaintiff, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| JEFFREY J. BROWN, *etc.*, *et al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 3] |

Pending is Plaintiff's Motion for Temporary Restraining Order, Injunction, and for Declaratory Relief (ECF No. 3). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court denies the motion.

**I.**

Plaintiff, proceeding *pro se*, filed this action on February 4, 2016 alleging that her mortgage on 1422 Lansdowne Blvd., Youngstown, Ohio has been "securitized" and suggesting that Plaintiff did not receive "real money" for her mortgage. The Amended Complaint (ECF No. 20) asserts claims for "Default of Estoppel by Acquiescence" (Count I), Fraud in the Factum (Count II), violations of the Ohio Corrupt Practices Act ("OCPA") (Count III), unspecified "Crimes Against Humanity" (Count V), violation of the Truth in Lending Act ("TILA") and the Home Ownership Equity Protection Act ("HOEPA") (Count VI), violation of the Real Estate Settlement Procedures Act ("RESPA") (Count VII), and seeks temporary and permanent

(4:16CV0267)

injunctive relief (Count IV)[1] and rescission. Though Plaintiff alleges entitlement to relief under a broad range of claims, all of her claims arise out of the enforcement of Plaintiff's mortgage.

The Amended Complaint (ECF No. 20) is related to a foreclosure action brought by Ditech Financial LLC ("Ditech"), formerly known as Green Tree Servicing LLC, against Plaintiff. On March 2, 2016, Ditech filed a Complaint for Foreclosure in the Mahoning County, Ohio Court of Common Pleas in Case No. 2016 CV 00680. It alleges that there is due and unpaid on a promissory note the sum of $23,490.46 plus interest at the rate of 5.875% per annum from April 1, 2015. The foreclosure is *in rem* only because of Plaintiff's chapter 7 bankruptcy discharge. In that proceeding, Ditech seeks to foreclose on the real property located at 1422 Lansdowne Blvd., Youngstown, Ohio. The state court foreclosure action is in the early stages—on July 13, 2016, the court denied plaintiff's motion for default judgment.

## II.

In the within motion, Plaintiff requests:

1. A temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, defendants' agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the property, either under the power of sale in the Mortgage/Deed of Trust/mortgage or by foreclosure action;

2. A declaration by the court that sale of the property to enforce the Mortgage/Deed of Trust/mortgage is improper in that plaintiff has raised a claim

---

[1] Plaintiff requests that the Court award temporary and permanent injunctive relief to prevent "irreparable harm including the loss of her unique Allodial Private Ancestral Estate Property (that is in her trust entitled, 'Moorish Aboriginal Trust' recorded at the Mahoning County [Auditor's] and the Mahoning County Recorder's Office for the purpose of a public record only)." ECF No. 20 at PageID #: 324, ¶ 30.

(4:16CV0267)

> that the [defendants] do not legally hold the note or Mortgage/Deed of Trust and/or do not have [a] right to foreclose on the subject property.
>
> \* \* \* \*

ECF No. 3 at PageID #: 107.

Four factors are important in determining whether a temporary restraining order/preliminary injunction is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id.* at 1229. In balancing the four considerations applicable to temporary restraining order/preliminary injunction decisions, the Court holds that equitable relief is not appropriate.

As an initial matter, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes this court from issuing an order enjoining the state court foreclosure proceedings. As this court has previously noted:

> Title 28 U.S.C. § 2283, the Anti-Injunction Act states, in full, that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Unless the injunction falls within one of the three specifically defined exceptions, the Act creates an absolute prohibition against enjoining state court proceedings, *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), *abrogation on other grounds as recognized by Ark Blue Cross & Blue Shield v. Little Rock Cardiolaogy Clinic, P.A.*, 551 F.3d 812, 821-22 (8th Cir. 2009). The party pursuing the injunction bears the burden of establishing that the injunction falls within one of the exceptions. *Smith v. Encore Credit Corp.*, 623 F. Supp.2d 910, 918-919 (N.D.Ohio, 2008). There is no indication that any of the exceptions apply here. *See Sherman v. Saxon Mortg. Services, Inc.* 2010 WL

(4:16CV0267)

> 2465459, 6 (W.D. Tenn., Jun 14, 2010) (if the foreclosure action is still pending in state court, Plaintiffs' prayer for relief from the foreclosure is precluded by the Anti-Injunction Act).

*Kaplan v. Fitzgerald*, No. 1:11CV0945, 2011 WL 2039111, at *1 (N.D. Ohio May 25, 2011) (Polster, J.). Plaintiff's request that this Court enjoin the foreclosure proceedings pending in the Mahoning County, Ohio Court of Common Pleas is barred by the Anti-Injunction Act, and there is no indication from the within motion or Plaintiff's pleadings that any delineated exception would apply in this case. "These three exceptions, embedded within the statute's text, permit injunctions against state court proceedings (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004).

The Court understands Plaintiff's allegations that Defendants were engaged in fraudulent conduct in violation of various laws. The Court notes, however, that whatever defenses or claims Plaintiff has can and should be adjudicated in the foreclosure proceedings pending in the Mahoning County, Ohio Court of Common Pleas. Plaintiff has not alleged any impropriety on the part of that court, and this Court will not interfere with proceedings there for the sole purpose of delay.

### III.

Plaintiff's Motion for Temporary Restraining Order, Injunction, and for Declaratory Relief (ECF No. 3) is denied.


IT IS SO ORDERED.

4

(4:16CV0267)

| | |
|---|---|
| July 22, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |