PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAKINA MAYSAN BEY, | ) | |
| fka Sheila M. Hayes, | ) | CASE NO.  4:16CV0267 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JEFFREY J. BROWN, *etc.*, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 24, 25, and 26] |

Pending are:

Defendant James Dimon's Motion to Dismiss the Amended Complaint (ECF No. 24);

Defendants Bruce Daryl, Keith Anderson, Denmar Dixon, and Gary Tillett's[1] Motion to Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 25); and,

Defendants Ronald M. Faris and Michael R. Bourque, Jr.'s[2] Motion to Dismiss the Amended Complaint Under Rule 12(b)(6) (ECF No. 26).

For the reasons that follow, the motions are granted.

---

[1]  Mr. Tillett was named as a defendant in the original Complaint (ECF No. 1). He was not named as a defendant in the Amended Complaint (ECF No. 20).  Therefore, he is no longer a party defendant in the above-entitled action.

[2]  Mr. Bourque was named as a defendant in the original Complaint (ECF No. 1). He was not named as a defendant in the Amended Complaint (ECF No. 20).  Therefore, he is no longer a party defendant in the case.

(4:16CV0267)

## I. Background

In February 2016, *Pro Se* Plaintiff Sakina Maysan Bey, fka Sheila M. Hayes, filed a seventy-eight-paragraph Complaint (ECF No. 1) against 11 Defendants alleging that her mortgage on 1422 Lansdowne Blvd., Youngstown, Ohio has been "securitized" and suggesting that Plaintiff did not receive "real money" for her mortgage. The Complaint (ECF No. 1) is remarkably similar to form complaints available for purchase on the Internet.[3] Defendants Bruce Daryl, Keith Anderson, Denmar Dixon, and Gary Tillett filed a Motion to Dismiss (ECF No. 17) that Plaintiff opposed, *see* ECF No. 19. Defendants Ronald M. Faris and Michael R. Bourque, Jr. also filed a Motion to Dismiss (ECF No. 21). These motions were denied without prejudice. *See* Order (ECF No. 29).

On May 23, 2016, Plaintiff filed an Amended Complaint (ECF No. 20)[4] as of right, *see* Fed. R. Civ. P. 15(a)(1)(B), that dropped six of the defendants and some of the claims. The Amended Complaint (ECF No. 20) is against Defendants Bruce Daryl, Keith Anderson, Denmar Dixon, Ronald M. Faris, and James Dimon. The overriding theme of the Amended Complaint (ECF No. 20) focuses on an alleged campaign of unanswered document requests directed at the

---

[3]

http://www.certifiedforensicloanauditors.com/complete_quiet_title_package.html *See* ECF No. 24 at PageID #: 423 n. 2.

[4] The following are attached as exhibits to the Amended Complaint (ECF No. 20): United Nations Declaration on the Rights of Indigenous Peoples (ECF No. 20-1); "A certified copy of Resolution No. 45 (SR 39), approved 3/8/1957, 'A Memorial to the Congress of the United States of America urging them to Enact such Legislation as they deem fit to declare that the 14th and 15th Amendments to the Constitution of the United States were never validity Adopted. . ." (ECF No. 20-2); and, a summary of the *Dred Scott* decision decided by the United States Supreme Court on March 6, 1857 (ECF No. 20-3).

(4:16CV0267)

various corporate officers of the mortgagees appearing in the chain of title.  It asserts claims for "Default of Estoppel by Acquiescence" (Count I), Fraud in the Factum (Count II), violations of the Ohio Corrupt Practices Act ("OCPA") (Count III), unspecified "Crimes Against Humanity" (Count V), violation of the Truth in Lending Act ("TILA") and the Home Ownership Equity Protection Act ("HOEPA") (Count VI), violation of the Real Estate Settlement Procedures Act ("RESPA") (Count VII), and seeks temporary and permanent injunctive relief (Count IV)[5] and rescission.  Though Plaintiff alleges entitlement to relief under a broad range of claims, all of her claims arise out of the enforcement of Plaintiff's mortgage.

The Amended Complaint (ECF No. 20) is related to a foreclosure action brought by Ditech Financial LLC ("Ditech"), f/k/a Green Tree Servicing LLC, against Plaintiff.  On March 2, 2016, Ditech filed a Complaint for Foreclosure in the Mahoning County, Ohio Court of Common Pleas in Case No. 2016 CV 00680.  It alleged that there is due and unpaid on a promissory note the sum of $23,490.46 plus interest at the rate of 5.875% per annum from April 1, 2015.  The foreclosure is *in rem* only because of Plaintiff's Chapter 7 bankruptcy discharge in the United States Bankruptcy Court for the Northern District of Ohio, being Case No. 07-40011-kw.  In the state court proceeding, Ditech sought to foreclose on the real property

---

[5]  Plaintiff requests that the Court award temporary and permanent injunctive relief to prevent "irreparable harm including the loss of her unique Allodial Private Ancestral Estate Property (that is in her trust entitled, 'Moorish Aboriginal Trust' recorded at the Mahoning County [Auditor's] and the Mahoning County Recorder's Office for the purpose of a public record only)."  ECF No. 20 at PageID #: 324, ¶ 30.

"The term 'allodial' has been interpreted to mean 'free' or 'held in free and absolute ownership.'  It has been observed that claims involving allodial title are sometimes advanced by property owners seeking to prevent foreclosure."  *El Bey v. Centralia Police Dept.*, No. 13-cv-313-JPG, 2013 WL 1788514 at, *2 n. 3 (S.D. Ill. April 26, 2013)* (internal citations omitted).

(4:16CV0267)

located at 1422 Lansdowne Blvd., Youngstown, Ohio.  The state court foreclosure action is now closed – on December 28, 2016, the court filed an In Rem Judgment Entry and Decree of Foreclosure.

All five (5) remaining Defendants, all individually named corporate officers, have moved for dismissal of the Amended Complaint (ECF No. 20).  Plaintiff only opposes Defendants Bruce Daryl, Keith Anderson, and Denmar Dixon's Motion to Dismiss (ECF No. 25).  *See* Affidavit of Fact Plaintiff's Memorandum in Opposition (ECF No. 27).

## II.  Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Twombly*, 550 U.S. at 564.  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

(4:16CV0267)

misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully.  *Twombly*, 550 U.S. at 556.  Where a complaint pleads facts that are "merely

consistent with" a defendant's liability, it "stops short of the line between possibility and

plausibility of 'entitlement to relief.'"  *Id.* at 557 (brackets omitted).   "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at

679 (quoting Rule 8(a)(2)).  The Court "need not accept as true a legal conclusion couched as a

factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*,

695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III.  Analysis

A.   **Defendants Bruce Daryl, Keith Anderson, and Denmar Dixon's Motion to Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 25)**

1.   **Counts I and II are subject to dismissal due to Plaintiff's failure to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) with respect to the elements of fraud and "estoppel by aquiescence" does not otherwise qualify as an independent cause of action.**

Counts I and II of the Amended Complaint (ECF No. 20) are based on common law

fraud, with Plaintiff alleging that "written statements as to alleged ownership of the Plaintiff's

mortgage loan and the legal entitlement to demand monies/species from Plaintiff and institute

foreclosure proceedings were false statements of material fact which were false when made and

known by said Defendants to be false when made."  ECF No. 20 at PageID #: 320, ¶ 15.

Coupled with the allegations in Count I, Plaintiff surmises that Defendants failure to respond to

5

(4:16CV0267)

Plaintiff's barrage of document requests allegedly sent to Defendants prior to the litigation

constitutes "default of estoppel by acquiescence" and an attempt to "hide their 'fraud in the

factum.'"  ECF No. 20 at PageID #: 316, ¶ 13.

Rule 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."  *United States v. Walgreen*

*Company*, 846 F.3d 879, 880-81 (2017); *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 751

(6th Cir. 2014).  "In order to allege fraud with particularity, the plaintiffs, at a minimum, must

allege the time, place, and content of the alleged misrepresentation on which [they] relied; the

fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the

fraud."  *Heinrich v Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012)

(internal quotation marks and citations omitted).  *See also Bender v Southland Corp.*, 749 F.2d

1205, 1216 (6th Cir. 1984) (upholding dismissal of RICO claims where the complaint failed to

plead fraud with particularity).  In furtherance of this particularity requirement, a complaint must

allege (1) the specific statements claimed to be false; (2) the time

and place the statements were made; and, (3) which defendant made the false statements.

*Pollock v Kanter*, 68 Ohio App.3d 673, 681-82 (1990).

The Amended Complaint (ECF No. 20) does nothing more than label alleged conduct on

the part of Defendants as "fraud," without delineating what conduct is attributed to each

Defendant or the content of the statements made that Plaintiff alleges amount to "fraud."  The

Amended Complaint (ECF No. 20) goes on to allege that "Plaintiff . . . reasonably relied on the

written statements of Defendants and acted thereon, including but not limited to paying in federal

reserve notes (FIAT) (which by constitutional law and by its very definition is not money/specie)

6

(4:16CV0267)

to said Defendants when demanded thereby until the Defendants acquiesced by non-response to Writs and Fiduciary Request Reconveyance(s) . . ." ECF No. 20 at PageID #: 320, ¶ 17.  The claims of fraud are presumably premised, in part, on the allegations in Count I, whereby Plaintiff contends that Defendants "admit default" by failing to respond to a litany of document requests. However, Plaintiff does not allege why Defendants, as individually named corporate officers, had any obligation to respond to these requests.  Silence on the part of Defendants, without any factual basis for a finding that Defendants engaged in some type of affirmative conduct giving rise to the fraud claims, cannot give rise to a cause of action. Moreover, estoppel by acquiescence is generally considered an affirmative defense, not an independent cause of action, whereby a plaintiff will be held to have lost his rights against a defendant, if the plaintiff has committed some act which "amount[s] to an assurance to the defendant, express or implied, that plaintiff would not assert his . . . rights against the defendant[ ]." *Nat'l Football League v Rondor, Inc.*, 840 F. Supp.1160, 1167 (N.D. Ohio 1993) (Matia, J.); *Zwerin v. 533 Short North LLC*, No. 2:10-cv-488, 2012 U.S. Dist. LEXIS 157745, at *5 (S.D. Ohio Nov. 2, 2012).  For these reasons, the allegations in Counts I and II of the Amended Complaint fail to state a claim.

> **2.    Count III, alleging violations of the OCPA, fails to state a claim upon which relief can be granted**.

Count III of the Amended Complaint (ECF No. 20) contains a list of legal conclusions supposedly alleging a violation of the Ohio Corrupt Practices Act ("OCPA").  ECF No. 20 at PageID #: 321-23.  In furtherance of this claim, Plaintiff alleges that "Defendants and their agents[,] including but not limited to various law Firms and 'Trustee Sale' companies, which

7

(4:16CV0267)

worked together and in concert at the direction of the Defendants for the specific purpose of

furthering the pattern of criminal activity set forth herein, including notary fraud, [robosigning],

and a regular pattern and practice of filing false and perjured documents in the public records."

ECF No. 20 at PageID #: 322, ¶ 23.

In order to state an OCPA violation, the following elements must be pled: "(1) that

conduct of the defendant involves the commission of two or more specifically prohibited state or

federal criminal offenses, (2) that the prohibited criminal conduct of the defendant constitutes a

pattern of corrupt activity, and (3) that the defendant has participated in the affairs of an

enterprise or has acquired and maintained an interest in or control of an enterprise." *Canterbury*

*v. Columbia Gas of Ohio*, No. C2-99-1212, 2001 WL 1681132, at *11 (S.D. Ohio Sept. 25,

2001).  Importantly, all of these elements must be pled with specificity.  *Id.*

In general, the OCPA prohibits the collection of "unlawful debt" and engaging in patterns

of "corrupt activity."  *See* Ohio Rev. Code § 2923.31, *et seq.*  For a debt to be unlawful under the

Act, the debt must be "legally unenforceable in [Ohio] in whole or in part because the debt was

incurred or contracted in violation of any federal or state law relating to the business of gambling

activity or related to the business of lending money at an usurious rate."  Ohio Rev. Code §

2923.31(L).  The Court assumes, based on the reference to the state court foreclosure action that

Plaintiff is referring to the debt secured by the mortgage on the property at 1422 Lansdowne

Blvd., Youngstown, Ohio.  However, the Amended Complaint (ECF No. 20) does not allege that

the security interest in the property is invalid because it relates to gambling or violates usury

laws.  The Amended Complaint (ECF No. 20) also fails to allege how Defendants engaged in a

pattern of corrupt practices, conduct that is limited to criminal and other offenses as defined by

(4:16CV0267)

the Ohio Revised Code.  *See* Ohio Rev. Code § 2923.31(I).  A contractually and statutorily

authorized foreclosure action is not among the offenses referenced in the statute and the

Amended Complaint (ECF No. 20) is otherwise devoid of any authority to support a contrary

finding.  Notably, there is no indication from the pleadings how Defendants, all individually

named corporate officers, attempted to collect any debt, or took any action to foreclose the

Plaintiff's property.  Non-party Ditech Financial LLC, f/k/a Green Tree Servicing LLC filed the

Complaint for Foreclosure in the Mahoning County, Ohio Court of Common Pleas, not the

individual corporate officers named in the case at bar.  Count III of the Amended Complaint

(ECF No. 20) fails to state a claim for relief that is plausible on its face and is dismissed as a

matter of law.

### 3.    Plaintiff's request for permanent injunctive relief (Count IV) is barred by the Anti-Injunction Act.[6]

In Count IV of the Amended Complaint (ECF No. 20), Plaintiff requests that the Court

award permanent injunctive relief as to her interest in "Federal Reserve Notes" and to prevent

"irreparable harm including the loss of her unique Allodial Private Ancestral Estate Property

(that is in her trust entitled, "Moorish Aboriginal Trust").  ECF No. 20 at PageID #: 323-24, ¶¶

28, 30.  Plaintiff claims that she is enforcing these rights as protected "under the Ohio

Constitution of 1851 Section 16, the Constitution for the United States of America Republic of

1787 and the Treaty of Peace and Friendship of 1787 ratified in 1836 as well as the International

Laws for the Rights of Indigenous Peoples."  ECF No. 20 at PageID #: 324, ¶ 29.  As an initial

---

[6] On July 22, 2016, the Court denied Plaintiff's Motion for Temporary
Restraining Order, Injunction, and for Declaratory Relief (ECF No. 3).  Order (ECF No.
28).

(4:16CV0267)

matter, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes the Court from issuing an order

enjoining the state court foreclosure proceedings, which, with the exception of conducting a

Sheriff's sale and the filing an order of confirmation, are concluded.  As the Court has previously

noted:

> Title 28 U.S.C. § 2283, the Anti-Injunction Act states, in full, that "[a] court of the
> United States may not grant an injunction to stay proceedings in a State court
> except as expressly authorized by Act of Congress, or where necessary in aid of its
> jurisdiction, or to protect or effectuate its judgments."  Unless the injunction falls
> within one of the three specifically defined exceptions, the Act creates an absolute
> prohibition against enjoining state court proceedings, *Atlantic Coast Line R.R. Co.*
> *v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87, 90 S.Ct. 1739, 26 L.Ed.2d
> 234 (1970), *abrogation on other grounds as recognized by Ark Blue Cross & Blue*
> *Shield v. Little Rock Cardiolaogy Clinic, P.A.*, 551 F.3d 812, 821-22 (8th Cir.
> 2009).  The party pursuing the injunction bears the burden of establishing that the
> injunction falls within one of the exceptions.  *Smith v. Encore Credit Corp.*, 623
> F. Supp.2d 910, 918-919 (N.D.Ohio, 2008).  There is no indication that any of the
> exceptions apply here.  *See Sherman v. Saxon Mortg. Services, Inc.* 2010 WL
> 2465459, 6 (W.D. Tenn., Jun 14, 2010) (if the foreclosure action is still pending
> in state court, Plaintiffs' prayer for relief from the foreclosure is precluded by the
> Anti-Injunction Act).

*Kaplan v. Fitzgerald*, No. 1:11CV0945, 2011 WL 2039111, at *1 (N.D. Ohio May 25, 2011)

(Polster, J.).  Plaintiff's request that the Court enjoin the foreclosure proceedings pending in the

Mahoning County, Ohio Court of Common Pleas is barred by the Anti-Injunction Act, and there

is no indication from Plaintiff's filings that any delineated exception would apply in this case.

"These three exceptions, embedded within the statute's text, permit injunctions against state

court proceedings (1) where Congress expressly authorizes, (2) where necessary in aid of the

court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments."

*Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004).

10

(4:16CV0267)

The Court understands Plaintiff's allegations that Defendants were engaged in fraudulent conduct in violation of various laws.  The Court notes, however, that whatever defenses or claims Plaintiff has could and should have been adjudicated in the foreclosure proceedings pending in the Mahoning County, Ohio Court of Common Pleas.  Plaintiff has not alleged any impropriety on the part of that court, and the Court will not interfere with proceedings there for the sole purpose of delay.  Count IV of the Amended Complaint (ECF No. 20) fails to state a claim that is plausible on its face and is dismissed as a matter of law.

### 4.        Count V, alleging unspecified "Crimes Against Humanity," is frivolous.

In Count V of the Amended Complaint (ECF No. 20), Plaintiff pleads a single, conclusory allegation that "Defendants violated the Plaintiff's rights protected under Article 11 §2 of the United Nations Rights of Indigenous People, 'States shall provide redress through effective mechanisms, which may include restitution, developed in conjunction with indigenous peoples, with respect to their cultural, intellectual, religious and spiritual property taken without their free, prior and informed consent or in violation of their laws, traditions and customs."  ECF No. 20 at PageID #: 325, ¶ 36.  Similar claims have been repeatedly rejected by courts and labeled as frivolous.  See *Moorish Science Temple of America 4th & 5th Generation v. Superior Court of New Jersey*, No. 11-7418 (RBK), 2012 WL 123405 (D.N.J. Jan. 12, 2012) (outlining history of Moorish claims in Federal Courts); *El-Bey v North Carolina*, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), *report and*

11

(4:16CV0267)

*recommendation adopted*, 2012 WL 368369 (Feb. 3, 2012).  Count V fails to state an actionable claim and is dismissed.

### 5.  Plaintiff fails to state a claim for violation of TILA/HOEPA (Count VI) and RESPA (Count VII)

Count VI of the Amended Complaint (ECF No. 20) alleges that Defendants, collectively, "violated [the Truth in Lending Act ("TILA")]/[the Home Ownership Equity Protection Act ("HOEPA")] by failing to provide Plaintiff with accurate material disclosures required under TILA/HOEPA and for not taking into account the intent of the State Legislature in approving this statute. . . ."  ECF No. 20 at PageID #: 325, ¶ 39.  Plaintiff does not allege any facts to support this claim, only legal conclusions.  Legal conclusions are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 677-78.

In addition, Plaintiff's claims under TILA and HOEPA fail because she has failed to set forth sufficient facts tending to suggest that Defendants are "creditors" subject to the statutes. TILA imposes liability on "any creditor who fails to comply with any requirement imposed [by TILA], including any requirement under . . . subsection (f) or (g) of section 1641 of this title."  15 U.S.C. § 1640(a).  "The term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required. . . ."  15 U.S.C. § 1602(g).  There are no allegations in the Amended Complaint (ECF No. 20) that any of the corporate officers named as Defendants, acting in their individual capacities, qualified as "creditors," mandating dismissal of Plaintiff's claims under TILA/HOEPA.

12

(4:16CV0267)

Count VII of the Amended Complaint (ECF No. 20) alleges Defendants violated the Real Estate Settlement Procedures Act ("RESPA") because "[n]o separate fee agreements regarding the use of DITECH and all Defendants' 'Cost of Savings' as the Index for the basis of this loan, no Disclosures of additional income due to interest rate increases or the proper form and no procedure in relation to the Borrower's Rights to cancel were provided" and "Defendants violated RESPA because the payments between the Defendants were **misleading** and designed to create a *windfall*." ECF No. 20 at PageID #: 327, ¶¶ 42-43.  Plaintiff apparently refers to RESPA's disclosure requirements, codified in 12 U.S.C. § 2604.  These provisions do not provide for a private right of action. *Brophy v Chase Manhattan Mortg. Co.*, 947 F. Supp. 879, 882-83 (E.D.Penn. 1996) (no private right of action for violation of § 2604(c) disclosure requirements); *Beard v Worldwide Mortg. Corp.*, 354 F. Supp.2d 789, 811 (W.D.Tenn. 2005) (no private right of action under § 2604(c)).

In addition, any effort to sustain a claim surrounding the origination of the mortgage is barred by Plaintiff's failure to disclose these claims in her prior Chapter 7 bankruptcy case. "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1217-18 (6th Cir. 1990).  In the bankruptcy context, the doctrine is applied where a party is "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition" and (3) the omission did not result from mistake or inadvertence. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th

13

(4:16CV0267)

Cir. 2010).  Every debtor in a bankruptcy has an affirmative obligation to schedule assets,

including known claims or causes of action.  *In re Tennyson*, 313 B.R. 402, 406 (Bankr. W.D.Ky.

2004); 11 U.S.C. § 521.  Failure to list a claim operates as a representation that the claim does

not exist.  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006).

Plaintiff filed her Chapter 7 bankruptcy petition in the Northern District of Ohio on

January 4, 2007, identifying GMAC Mortgage Corp. as holding a secured claim valued at

$36,000 encumbering the residence located at 1422 Lansdowne Blvd., Youngstown, Ohio.

Bankruptcy Schedule D. Creditors Holding Secured Claims (ECF No. 25-3).  Plaintiff did not

mark the claim as disputed in the schedules.  Plaintiff executed the mortgage (ECF No. 25-1) and

note at issue in this case on October 13, 2005 – more than a year prior to filing for bankruptcy

protection.  Therefore, at the time Plaintiff filed her schedules under oath in January 2007, she

knew or should have known of the existence of any disputes or claims concerning the origination

of the mortgage at the time of filing for bankruptcy.  According to Plaintiff's Schedule D, she did

not have any claims or disputes concerning the origination of her mortgage, a position

inconsistent with the assertions being made in the case at bar, including the contention that

"Plaintiff was never given any real form of exchange according to the Republican Constitution."

ECF No. 20 at PageID #: 326, ¶ 40.  Consequently, Plaintiff is judicially estopped from asserting

challenges related to the validity or origination of her mortgage against any Defendant named in

this action.

### 6.  Rescission is not an independent claim.

Plaintiff seeks rescission in the Amended Complaint (ECF No. 20).  ECF No. 20 at

PageID #: 327-28.  She requests that the Court allow her to "rescind the loan and all

(4:16CV0267)

accompanying loan documents." ECF No. 20 at PageID #: 327, ¶ 44.  However, "rescission is a remedy, not a free-standing claim." *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *10 (S.D. Ohio Sept.27, 2011) (citing *Wuliger v Mfrs.Life Ins. Co. (USA)*, 567 F.3d 787, 797 (6th Cir. 2009)).  Therefore, any claim seeking rescission is not actionable as pled and subject to dismissal as a matter of law.

For the reasons set forth above and those that have been articulated in the memorandum of points and authorities on which Defendants Bruce Daryl, Keith Anderson, and Denmar Dixon rely in support of the motion, Defendants Bruce Daryl, Keith Anderson, and Denmar Dixon's Motion to Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 25) is granted.

### B.   Defendant James Dimon's Motion to Dismiss the Amended Complaint (ECF No. 24)

For the reasons set forth above in Section III.A. and those that have been articulated in the memorandum of the points and authorities on which Defendant James Dimon relies in support of the motion, Defendant James Dimon's Motion to Dismiss the Amended Complaint (ECF No. 24) is granted without opposition.

### C.   Defendant Ronald M. Faris' Motion to Dismiss the Amended Complaint Under Rule 12(b)(6) (ECF No. 26)

For the reasons set forth above in Section III.A. and those that have been articulated in the memorandum of points and authorities on which Defendant Ronald M. Faris relies in support of the motion, Defendant Ronald M. Faris' Motion to Dismiss the Amended Complaint Under Rule 12(b)(6) (ECF No. 26) is granted without opposition.

15

(4:16CV0267)

## IV.  Conclusion

Defendant James Dimon's Motion to Dismiss the Amended Complaint (ECF No. 24) is granted.

Defendants Bruce Daryl, Keith Anderson, and Denmar Dixon's Motion to Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (ECF No. 25) is granted.

Defendant Ronald M. Faris' Motion to Dismiss the Amended Complaint Under Rule 12(b)(6) (ECF No. 26) is granted.


IT IS SO ORDERED.


___March 30, 2017___                        ___/s/ Benita Y. Pearson_____
Date                                        Benita Y. Pearson
                                            United States District Judge

16